IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-107-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RASHAD OMAR WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

On November 14, 2012, pursuant to a plea agreement [D.E. 24], Rashad Omar Williams ("Williams") pleaded guilty to one count of conspiracy to possess with the intent to distribute and distribute a quantity of heroin in violation of 21 U.S.C. §§ 841 and 846. See [D.E. 1] 1; [D.E. 24] 4, 7. The conspiracy took place from in or about April 2012 until on or about June 7, 2012 See [D.E. 1] 1.

On March 20, 2013, the court held Williams's sentencing hearing. See Judgment [D.E. 33]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 27]. The court calculated Williams's total offense level to be 19, his criminal history category to be III, and his advisory guideline range to be 37 to 46 months. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 31], the court sentenced Williams to 45 months' imprisonment. See [D.E. 33].

On October 16, 2014, Williams filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 37]. Williams's new advisory guideline range is 30 to 37 months' imprisonment based on a total offense level of 17 and a criminal history category of III. Williams seeks a 36-month sentence.

The court has discretion to reduce Williams's sentence. See, e.g., Dillon v. United States,

560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Williams's sentence, the court finds that Williams engaged in a serious conspiracy to distribute and possess with intent to distribute heroin. See PSR ¶¶ 1–8. Furthermore, Williams has a disturbing criminal history, including a prior federal conviction for conspiracy to possess with intent to distribute a quantity of heroin. See id. ¶¶ 10–12. Moreover, when not incarcerated, Williams has a poor work history and a history of substance abuse. See id. ¶¶ 25–26, 30–36. Nonetheless, while incarcerated on his federal sentence, Williams has taken some positive steps. See Resentencing Report 1; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Williams received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Williams's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Williams's serious criminal conduct, criminal history, poor work history, and history of substance abuse do not support reducing Williams's sentence. Thus, the court denies Williams's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Williams's motion for reduction of sentence [D.E. 37] is DENIED.

2

SO ORDERED. This 9 day of May 2016.

                                             JAMES C. DEVER III
                                             Chief United States District Judge